J-S26013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :          PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| STEELE T. HELTON | : |
| | : |
| Appellant | : No. 16 MDA 2026 |

Appeal from the PCRA Order Entered September 22, 2025
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0004324-2021

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and NEUMAN, J.

MEMORANDUM BY PANELLA, P.J.E.:             **FILED: JULY 22, 2026**

Steele T. Helton appeals *nunc pro tunc* from the order denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Helton's counsel has filed a petition to withdraw as counsel and an ***Anders***[1] brief.[2] After careful review, we grant counsel's petition to withdraw and affirm the order denying PCRA relief.

---

[1] ***Anders v. California***, 386 U.S. 738 (1967).

[2] We note that counsel seeks permission to withdraw pursuant to ***Anders*** and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), although this is an appeal from the denial of PCRA relief. While counsel seeking to withdraw from PCRA representation should proceed under the dictates of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), this Court may accept an ***Anders*** brief because it provides greater protections to the defendant. ***See Commonwealth v. Frazier***, 330 A.3d 822, 823 n.2 (Pa. Super. 2024).

Helton was charged with rape, involuntary deviate sexual intercourse, and sexual assault[3] after a night of drinking with the victim and others in January 2021. After the victim passed out in his own room, Helton entered, pulled of the victim's pants, and forcibly inserted his penis into the victim's anus. The victim did not immediately disclose the assault to police. However, the victim did tell his friends the next morning. The victim contacted police approximately 11 days after the assault.

Helton proceeded to a jury trial held October 17, 2022, through October 18, 2022. During trial, Helton's counsel sought to impeach the victim with a 20-year-old conviction for unsworn falsification to authorities. Helton's counsel did not provide written notice to the Commonwealth of its intent to admit this conviction and only brought it up after trial began. The court excluded the evidence, finding that Helton failed to meet the requirement of Rule 609 because he did not provide written notice to the Commonwealth and further found the evidence irrelevant.

Helton's counsel proceeded to cross-examine the victim regarding his history of drinking alcohol to the point of blacking out and not remembering what occurred during the blackouts. The victim admitted to blacking out on the night in question and on previous occasions. During one such previous occasion, the victim injured himself, did not remember how he injured himself,

---

[3] 18 Pa.C.S.A. §§ 3121(a)(1), 3123, and 3124.1, respectively.

and did not seek medical treatment. Helton's counsel relied upon the victim's memory loss and prior incidents of blacking out in his closing argument to the jury.

The jury found Helton guilty of the above-noted charges. The court sentenced Helton to a mandatory term of incarceration of 25 to 50 years as a second-strike sexual offender.[4] Helton filed a timely notice of appeal and this Court affirmed the judgment of sentence on December 27, 2023. **See Commonwealth v. Helton**, 311 A.3d 610 (Pa. Super. filed Dec. 27, 2023) (unpublished memorandum). The Pennsylvania Supreme Court denied Helton's petition for allowance of appeal on July 1, 2024. **See Commonwealth v. Helton**, 321 A.3d 870 (Pa. filed July 1, 2024).

Helton filed a *pro se* PCRA petition on July 22, 2024. Counsel was appointed and filed an amended PCRA petition on March 11, 2025. The PCRA court issued a notice of intent to dismiss the PCRA petition without a hearing on July 8, 2025. **See** Pa.R.Crim.P. 907(1). Helton did not file a response. The PCRA court denied Helton's PCRA petition on September 22, 2025.

On December 5, 2025, Helton filed a petition to appeal *nunc pro tunc*. The court granted the request that same date and gave Helton 30 days to file a notice of appeal to this Court. Helton filed his notice of appeal on December 30, 2025. Helton's counsel complied with the court's order to file a Rule

---

[4] **See** 42 Pa.C.S.A. § 9718.2(a)(1).

1925(b) statement by filing a statement of intent to file an **Anders** brief. **See** Pa.R.A.P. 1925(b), (c)(4). The court authored a Rule 1925(a) opinion referring this Court to its notice of intent to dismiss. **See** Pa.R.A.P. 1925(a).

Before we may address the merits of Helton's claim, we must first address counsel's petition to withdraw. As noted above, counsel filed an **Anders** brief, however, the correct mechanism to withdraw is a no-merit letter pursuant to **Turner**/**Finley**:

> Counsel petitioning to withdraw from PCRA representation must proceed under **Turner** and **Finley** and must review the case zealously. **Turner**/**Finley** counsel must then submit a no-merit letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the no-merit letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Frazier**, 330 A.3d at 823-24 (citation, brackets, and quotation marks omitted). As noted previously, this Court will "accept an **Anders** brief in lieu

of a **Turner**/**Finley** letter because an **Anders** brief provides greater protection to the defendant." **Id.** at 823 n.2 (citation omitted).

Counsel here has substantially complied with the requirements for withdrawal pursuant to **Turner**/**Finley**. The **Anders** brief notes that counsel reviewed the record thoroughly. **See Anders** Brief, at 11. Counsel discusses the sole issue Helton wishes to have raised and explains why it is frivolous. **See id.** at 12-14. Counsel filed a separate application to withdraw as counsel and attached a letter sent to Helton noting that the application to withdraw and **Anders** brief are enclosed and advising Helton of his right to proceed *pro se* or retain other counsel to represent him. As counsel met the requirements of **Turner**/**Finley**, we now proceed with our independent review.

We begin with our well-established standard of review:

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error. Furthermore, a court's decision to deny a PCRA claim without a hearing may only be reversed upon a finding of an abuse of discretion.

**Commonwealth v. Min**, 320 A.3d 727, 730 (Pa. Super. 2024) (citations omitted).

Helton asserts his trial counsel was ineffective for failing "to comply with Rule 609(b)(2) thereby denying him the opportunity to cross-examine the victim of his twenty-year-old prior conviction for *crimen falsi*[.]" **Anders** Brief, at 12.

To succeed on an ineffectiveness claim, [a PCRA petitioner] must demonstrate by a preponderance of the evidence that (1) the

underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. Counsel is presumed to be effective and the burden is on the [petitioner] to prove otherwise. A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

*Commonwealth v. Felix*, 303 A.3d 816, 819-20 (Pa. Super. 2023) (citations and quotation marks omitted).

Prejudice requires the petitioner to prove that "but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Commonwealth v. Mullen*, 267 A.3d 507, 512 (Pa. Super. 2021). "A reasonable probability is a probability sufficient to undermine confidence in the outcome. … [The Pennsylvania Supreme Court has held] that a criminal appellant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* (citation, brackets, and internal quotation marks omitted).

Rule 609 provides, in relevant part, as follows:

**(a) In General.** For the purpose of attacking the credibility of any witness, evidence that the witness has been convicted of a crime, whether by verdict or by plea of guilty or *nolo contendere*, must be admitted if it involved dishonesty or false statement.

**(b) Limit of Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value substantially outweighs its prejudicial effect; and

- 6 -

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Pa.R.Crim.P. 609(a), (b).

In determining whether the probative value outweighs the prejudicial effect, our Courts rely upon a balancing of factors:

1) the degree to which the commission of the prior offense reflects upon the veracity of the []witness; 2) the likelihood, in view of the nature and extent of the prior record, that it would have a greater tendency to smear the character of the [witness] …, rather than provide a legitimate reason for discrediting him as an untruthful person; 3) the age and circumstances of the [witness]; 4) the strength of the prosecution's case … as compared with the availability to the defense of … witnesses through which its version of the events surrounding the incident can be presented; and 5) the existence of alternative means of attacking the [witness'] credibility.

***Commonwealth v. Palo***, 24 A.3d 1050, 1056 (Pa. Super. 2011) (citation omitted).

Notably, as this is claim of ineffective assistance of counsel, this Court has found "where counsel impeaches a witness regarding their motive and bias, the failure to impeach the witness with [his] *crimen falsi* conviction is not prejudicial. Further, counsel is not ineffective for failing to impeach a witness in a particular way, if counsel impeached the witness in other ways."

*Commonwealth v. Lawrence*, 348 A.3d 738, *9 (Pa. Super. filed Sept. 19, 2025) (unpublished memorandum) (citation omitted).[5]

The PCRA court found Helton failed to establish prejudice. *See* Pa.R.Crim.P. 907 Notice, 7/8/25, at 5-7. The court held that even if counsel had complied with Rule 609 and provided written notice to the Commonwealth prior to trial, it still would not have found the 20-year-old conviction admissible. *See id.* The court reviewed all five factors and found the 20-year-old conviction did not satisfy a sufficient number of factors to support admission. *See id.*

Within that discussion, the court also found that trial counsel effectively cross-examined the victim on his drinking behaviors. *See id.* at 7. Trial counsel emphasized the different stories the victim provided: he testified at trial to drinking 12 beers, but at the preliminary hearing he admitted to drinking 30 beers. *See id.* Further, counsel pointed out that the victim did not admit to drinking that much when he first reported the assault to police. *See id.* Finally, counsel was able to effectively cross-examine the victim about prior incidents of his drinking until he blacked out that resulted in injuries. *See id.* "This was used to further attack the credibility of the witness by implying that he drinks too much and blacks out often, and does not remember

---

[5] Pursuant to Pa.R.A.P. 126(b), this Court may rely upon unpublished memorandum filed after May 1, 2019, for their persuasive value. We find this language highly persuasive and directly on point in this case.

events when that happens. As such, the defense had, and took, multiple avenues for attacking the victim's credibility[.]" ***Id.***

> Counsel submitted this claim is frivolous for a similar reason:

> Hypothetically speaking, even if the trial court allowed the victim's 20-year-old prior conviction to be admissible at trial, [Helton] is unable to show that there is a reasonable probability the outcome of trial could have been different. Stated a different way, trial counsel's cross-examination zealously focused on the victim's credibility and spotty recollection of events and therefore, fails to establish actual prejudice by failing to introduce the victim's twenty[-]year[-old] prior conviction.

***Anders*** Brief, at 14.

We agree that Helton failed to establish he was prejudiced by counsel's failure to provide written notice of its intent to use the 20-year-old conviction to impeach the victim because the court would have ruled the conviction was inadmissible even if counsel provided such notice. Finally, because counsel impeached the victim in other ways, counsel cannot be found ineffective for failing to impeach the victim with this old conviction. ***See Lawrence***, 348 A.3d at *9. As such, we affirm the order denying Helton's PCRA petition.

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2026